UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL GOULD,

    Plaintiff,

v.                                Case No. 5:13cv386-WS/CJK

WILLIAM CHURCHWELL, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court upon plaintiff's "Motion for Extension of Time Limit" (doc. 39) and "Motion for Injunctive Relief" (doc. 40). On March 29, 2016, the court entered an order permitting plaintiff to serve interrogatories on the Secretary of the Florida Department of Corrections for the purpose of identifying the correctional officers at Northwest Florida Reception Center responsible for placing plaintiff in a cell coated with chemical agents in October of 2012. (Doc. 34). The court also directed plaintiff to file the third amended complaint by May 13, 2016. Plaintiff requests an additional thirty days to file the third amended complaint. Plaintiff's motion for extension of time will be granted. Absent extraordinary circumstances, no further extensions of time will be allowed.

Plaintiff's Motion for Injunctive Relief suggests he may be transferred away from Blackwater River Correctional Facility in the near future. He asserts "most inmates know that we are only going to spend a . . . finite amount of time in any one institution." Plaintiff claims he will be transferred to Northwest Florida Reception Center, the facility where he alleges his rights were violated. Through his motion, plaintiff requests "to not be forced to have to return to Northwest Florida Reception Center and/or any correctional institution where the officer in question can repeat any of the actions that caused [plaintiff] to file a suit on cruel and unusual punishment or denial of access to court. Or respectfully to give an Order that I am to be left in private institutions until this case is finished."

Plaintiff's Motion for Injunctive Relief should be denied. The motion is based on speculation about a possible transfer to an institution where plaintiff's rights may be violated. Plaintiff has not established he will suffer irreparable injury if the requested relief is not granted. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"). Moreover, as a general matter this court is not authorized to order the Florida Department of Corrections to house inmates in particular facilities within the penal system.

Accordingly, it is ORDERED:

1.   Plaintiff's "Motion for Extension of Time Limit" (doc. 39) is GRANTED.  Plaintiff shall file the third amended complaint on or before June 13, 2016.

And it is respectfully RECOMMENDED:

1.   That plaintiff's "Motion for Injunctive Relief" (doc. 40) be DENIED.

At Pensacola, Florida, this 26th day of May, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.