UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIEL GOULD,

     Plaintiff,

v.                                     Case No. 5:13cv386-WS-CJK

WILLIAM CHURCHWELL, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court on defendants Draves, Holden, Khashayar, Motley, and Raines' Motion to Dismiss. (Doc. 88). Plaintiff responded in opposition. (Doc. 92). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions and the relevant law, the undersigned recommends that the motion be granted and plaintiff's Eighth Amendment claim be dismissed due to his failure to exhaust his administrative remedies.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Daniel Gould, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida penal system currently confined at Blackwater River Correctional Facility. He initiated this action on November 13, 2013, by filing a civil rights

complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The court screened the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed all of plaintiff's claims except for an Eighth Amendment claim concerning his placement into a cell containing chemical agents. (Docs. 21, 25). Because plaintiff could not identify the individuals who placed him in the cell, the court served the Secretary of the Florida Department of Corrections ("FDOC") with the complaint and permitted plaintiff to conduct discovery aimed at identifying the responsible individuals. (Docs. 25, 26, 31). On October 6, 2016, plaintiff filed the third amended complaint, the operative pleading in this action. (Doc. 60). That complaint names 12 employees of the FDOC as defendants: William Churchwell, Jeffery Holden, Trampus Gray, Thomas Motley, Jason Whiddon, Jeremy Bryan, Zachary Draves, Michael Strausbaugh, Michael Holly, Shirvan Khashayar, Jeffery Raines, and Kendal May.[1] The complaint sets forth the factual allegations that follow.

After plaintiff filed N.D. Fla. Case No. 5:12cv185-MP-CJK, he "was jumped and robbed and had to request" protective custody at the Northwest Florida Reception Center. Thereafter, Warden William Churchwell orchestrated "a campaign of violations" against plaintiff, including "denial of access to the courts

---

[1] Because plaintiff could not specifically identify the officers responsible for putting him in the tainted cell, he named as defendants "all the officers from the shift roster for the 3 days" he spent in the cell. (Doc. 60, p. 9).

and cruel and unusual punishment." Relevant here, plaintiff alleges that on October 3, 2012, one or more of the defendants placed him in:

> a cell that was absolutely coated in pepper spray. There were spots where it was in puddles from dripping off other surfaces. The water in the sink was shut off. The toilet still flushed but the metal was completely covered in pepper spray.

Plaintiff was "denied a bed roll, toilet paper, or the ability to declare a psych emergency or a medical emergency." Officer May "was also denying [plaintiff] food trays." Plaintiff's requests for help were ignored until October 5, when plaintiff made a weapon from his eyeglasses and threatened self-harm. He was removed from the cell after "3 days of breathing burning fumes and no water."

Based on the foregoing, plaintiff alleges the defendants violated his rights under the Eighth Amendment. As relief, he seeks $75,000 in damages and injunctive relief.

## DISCUSSION

Defendants argue plaintiff failed to exhaust his administrative remedies concerning his placement in the cell coated in chemical agents.

<u>Exhaustion Requirement</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Exhaustion of all available administrative

remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter*, 534 U.S. at 524. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See Booth*, 532 U.S. at 734. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See id.* at 741 n.6; *McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."). Moreover, the Prison Litigation Reform Act ("PLRA") requires "proper exhaustion" so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *see also id.*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical

procedural rules.").  A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies before filing suit.  *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

The grievance procedures promulgated by the Florida Department of Corrections require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary.  Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

Procedure for Ruling on Motion to Dismiss for Failure to Exhaust Administrative Remedies

In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the PLRA.  The defense of failure to exhaust should be treated as a matter in abatement.  *Id*. at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374).  Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. "First, the court looks to the factual allegations in the defendant[s'] motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (*citing Bryant*, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (*citing Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

Plaintiff's Administrative Grievances

Plaintiff was required to exhaust his administrative grievances before November 13, 2013, the date he turned the initial complaint over to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed.

2d 245 (1988) (Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.). Defendants argue plaintiff's Eighth Amendment claim should be dismissed because he never filed any grievances concerning a cell coated in chemical agents or lack of access to water. Defendants also note plaintiff filed "numerous institutional grievances during the relevant time period for other issues, demonstrating his familiarity with the necessary grievance process[.]" (Doc. 88, p. 8).

In response, plaintiff concedes he never filed grievances concerning his 3-day stay in the cell but asserts that "writing grievances about the cell was not an option" because: (1) the only remedy he could have requested, a cell transfer, had already been provided; and (2) "the grievances would have only gone to the officers who put [plaintiff] in there to begin with" and the "grievances would be the same as asking them to continue the torture." (Doc. 92). Both arguments are unpersuasive.

Plaintiff's first argument—that filing grievances would have been futile because he had already changed cells—is meritless because "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524. Section 1997e(a) "entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir.

2005) (*quoting Booth*, 532 U.S. at 741 n. 6); *see also Porter*, 534 U.S. at 532 ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). In addition, although plaintiff claims a cell transfer was "the only resolution [he] could have asked for," notifying the FDOC of its employees' allegedly unconstitutional behavior gives the FDOC the opportunity to correct that behavior. *Cf. Porter*, 534 U.S. at 530 ("An unwarranted assault by a corrections officer may be reflective of a systemic problem traceable to poor hiring practices, inadequate training, or insufficient supervision.").

Likewise, the argument that plaintiff's fear of retaliation excused the exhaustion requirement must be rejected because the FDOC permits inmates to bypass a correctional institution's grievance process and file grievances directly with the Office of the Secretary when the inmates expect reprisal. *See* Fla. Admin. Code. r. 33-103.007(6). The form used for formal grievances and grievance appeals specifically informs inmates of this option.[2] Plaintiff, however, did not pursue administrative relief through this avenue. Moreover, the assertion that plaintiff

---

[2] Defendants attached a copy of a formal grievance plaintiff submitted on November 7, 2012. (Doc. 88-2, p. 5). The bottom of the form states it "is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary[.]" The form explains, however, that "[w]hen the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels."

feared retaliation is belied by the fact he submitted grievances concerning unrelated prison conditions after the October incident. Evidence attached to defendants' motion shows that plaintiff, no stranger to either litigation or the grievance process, filed at least 6 formal and informal grievances from October 5, 2012, through the end of the year. These were approved. (Doc. 88-3, p. 2). Plaintiff simply failed to file any grievances concerning his placement in the cell coated with chemical agents.[3] Plaintiff's Eighth Amendment claim, therefore, should be dismissed.[4] *See Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) ("An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.").

Plaintiff named 7 additional defendants in the third amended complaint. To date, these defendants have not been served. Nevertheless, because plaintiff failed

---

[3] In his response, plaintiff states defendant's counsel does "a good job of glossing over how some of the food service grievances I had written were on how Officer May made it a point to refuse me trays during feeding time quite a few times." (Doc. 92, p. 5). Any grievances plaintiff submitted about the denial of food trays did not excuse him from the obligation to file grievances about the cell "absolutely coated in pepper spray" before bringing this action. Furthermore, the vague assertion that "Officer May was also denying [plaintiff] food trays" (doc. 60, p. 15) fails to state an independent Eighth Amendment claim. *See Hernandez v. Fla. Dep't of Corrs.*, 281 F. App'x 862, 865 (11th Cir. 2008) ("A prison does not violate the Eighth Amendment by feeding a prisoner a minimal amount of food for a limited number of days.").

[4] Defendants' motion to dismiss also argues: (1) plaintiff "failed to timely file his claims within the four-year statute of limitations, as he is not entitled to relate them back"; and (2) alternatively, plaintiff "failed to timely file his claims within the applicable one-year statute of limitations." (Doc. 88, p. 15-20). Because the undersigned recommends that plaintiff's claim be dismissed based on his failure to properly exhaust the administrative remedy process, the remaining arguments raised in defendants' motion will not be addressed.

to exhaust his administrative remedies before commencing this action, his claim against the unserved defendants should also be dismissed. *See Escobar v. Crosby*, 363 F. Supp. 2d 1361, 1366 (S.D. Fla. 2005) (noting dismissal of prisoner's claims against unserved defendants was appropriate based on both the prisoner's failure to effect timely service under Federal Rule of Civil Procedure 4(m) and his failure to exhaust administrative remedies).

Accordingly, it is respectfully RECOMMENDED:

1.     That defendants' motion to dismiss (doc. 88) be GRANTED and plaintiff's Eighth Amendment claim be DISMISSED due to his failure to exhaust the administrative remedy process.

2.     That all pending motions be DENIED AS MOOT.

3.     That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of April, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.